UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | |
| | * | Criminal No. 1:21-cr-10163-IT |
| ROBINSON ALBERTO BAEZ-NOVA, | * | |
| | * | |
| Defendant. | * | |

MEMORANDUM & ORDER

January 27, 2022

TALWANI, D.J.

Pending before the court is Defendant Robinson Alberto Baez-Nova's Motion for Review [#30] of the Magistrate Judge's decision ordering pretrial detention. Defendant asks the court to revoke the detention order and release him on strict conditions pursuant to 18 U.S.C. § 3142(c) and consistent with pretrial services' recommendation. Mot. for Review 1 [#30]. The government opposes. Gov. Resp. [#34]. For the reasons stated herein, the court denies Defendant's Motion for Review [#30].

I. BACKGROUND

A. The Investigation and Initial Complaint

The charges against Defendant arise out of CyberTipLine reports made to the Boston Police Department on November 5, 2020, which alerted law enforcement to a Google Photos account, linked to an Alberto Baez-Nova, that had uploaded suspected child pornography between November 2018 and August 2020. Compl. Aff. ¶¶ 4, 6 [#1-1]. Law enforcement opened an investigation and connected the Google Photos account to Defendant. Id. ¶ 10. The investigation also revealed that Defendant had been arrested on state charges in New Hampshire for possession of child pornography and several other state offenses following an October 15,

2020 motor vehicle stop, that his cell phone had been seized by the Nashua Police Department, and that he had been released on bail the following day. Id. at ¶ 12 & n.11; Def. Ex. B at 8 [#30-2]. Defendant's state charges were ultimately nolle prossed around April 12, 2021. Def. Ex. B at 8 [#30-2].

On April 16, 2021, federal authorities obtained a warrant to search Defendant's cell phone, which remained in the custody of the Nashua Police Department, for evidence, fruits, and instrumentalities of violations of 18 U.S.C. § 2252A(a)(5)(B) (possession of child pornography). Compl. Aff. ¶ 13 [#1-1]. The search revealed images and videos of child pornography, including "depictions of prepubescent children engaged in sexual acts with adults and images and videos that depicted bondage and bestiality." Id. ¶ at 14. The search of the device also revealed evidence consistent with the Defendant's ownership of the device, including, among other things, four images of the Defendant holding up the following identifying documents: a social security card, a Massachusetts driver's license, a Dominican Republic Passport, and a U.S. visa. Id.

On April 27, 2021, Defendant was charged here with one count of receipt of child pornography in violation of 18 U.S.C. §2252A(a)(2)(A) and one count of possession of child pornography in violation of 18 U.S.C. §2252A(a)(5)(B). Complaint [#1]. He was arrested later that day and appeared before a Magistrate Judge on April 28, 2021. Elec. Order [#6]. The government moved for pretrial detention, while Probation and Pretrial Services recommended that Defendant be released with strict conditions. See Def. Ex. A at 45 [#30-1].

B.     Detention Hearing

At Defendant's detention hearing before the Magistrate Judge on May 5, 2021, the government argued Defendant could not rebut the applicable presumption of detention under 18

U.S.C. § 3142(e)(3)(E), and in any event, no combination of conditions of release could sufficiently protect the safety of the community and mitigate Defendant's flight risk.

The government relied on the testimony of Special Agent Virginia Benda, Def. Ex. A at 9:21–22 [#30-1], and three exhibits: (1) the Complaint Affidavit [#1-1] of Special Agent Benda; (2) a WhatsApp conversation recovered from Defendant's cell phone with a contact saved as "Yohan Pato" (hereinafter referred to as "Yohan"), which was translated from Spanish to English, and includes Defendant requesting child pornography of a minor female (hereinafter "MINOR A") in exchange for money, Gov. Ex. 1 [#34-1]; and (3) a 302 report authored by Federal Bureau of Investigation ("FBI") Special Agent Virginia Benda that describes three of the images sent to Defendant in the same WhatsApp conversation outlined in Exhibit 2, Gov. Ex. 3 [#34-3].

At the hearing, the Magistrate Judge admitted a partial draft transcript of Defendant's WhatsApp conversation with "Yohan" as Exhibit 2. Def. Ex. A at 18:35 [#30-1]. Special Agent Benda testified to its contents, which included seventy-five images and videos of child pornography. Id. at 18–28. She also testified that "Yohan" appeared to be residing in the Dominican Republic during the period covered by the WhatsApp chat and that the chat revealed Defendant asking "Yohan" to produce specific pornographic images and videos of MINOR A, a nine-year old girl, in exchange for money. Id. at 17. Special Agent Benda went on to describe several graphic images that were exchanged in the chat. See id. at 21:7–21; see also Gov. Ex. 3 [#34-4].

The government argued the number of CyberTips generated from Defendant's account, the graphic nature of the child pornography found on Defendant's phone, and Defendant's hands-on, though remote, participation in the production of child pornography from his

cellphone all supported the conclusion that if released, Defendant would present a danger to the community. Def. Ex. A at 39:9–25 [#30-1]. The government also argued for detention on grounds that Defendant posed a flight risk. Id. at 42. The government argued the consequences of a conviction, including a possible fifteen-year mandatory minimum, loss of immigration status, and likely deportation combined with Defendant's ties to the Dominican Republic—including that he was born there, has family there, and his wife was residing there—supported a finding that Defendant presented a serious risk of flight. Id. at 42:12–17. And finally, the government argued, based on the aforementioned facts, the circumstances of the offenses allegedly committed, and the direct harm he caused to MINOR A using only a cellphone, that there was no combination of conditions that could assure the safety of the community and mitigate the risk of flight. Id. at 42:17-21.

    Defendant responded through counsel that pretrial release was appropriate based on his compliance with the terms of his pretrial release in the New Hampshire case, and the fact that he "didn't flee during the New Hampshire case, and he didn't violate any of the conditions of release that were designed to protect the community" were sufficient evidence to establish that there existed a combination of conditions, if imposed, that would ensure both the safety of the community and Defendant's appearance at future proceedings. Id. at 45:23–46:9.

    At the conclusion of the hearing, the Magistrate Judge ordered Defendant detained, finding "by clear and convincing evidence that the defendant poses a risk of danger to the community and that there are no combinations, no conditions or combinations of conditions that can be set" and "by a fair preponderance of the evidence that the defendant constitutes a serious risk of flight or failure to appear." Id. at 46:10–20.

    C.    The Indictment

On May 26, 2021, after the detention hearing and the Magistrate Judge's order of pretrial detention based on the original charges, a grand jury indicted Defendant on the charges contained in the Complaint [#1] as well as on one count of sexual exploitation of children, in violation of 18 U.S.C. §§ 2251(a) and (e), and one count of distribution of child pornography, in violation of 18 USC § 2252A(a)(2)(A). Indictment [#11].

## II. LEGAL STANDARD

The district court's review of an appeal of a magistrate judge's detention order under 18 U.S.C. § 3145(b) is *de novo*. See United States v. Tortora, 922 F.2d 880, 883 n.4 (1st Cir. 1990) (standard for district court's review of magistrate's detention findings under Section 3145(b) is de novo). A new evidentiary hearing is not necessary in every case. United States v. Pierce, 107 F.Supp. 2d 126, 127 (D. Mass. 2000) ("Section 3145(b) of Title 18 does not provide for a hearing as a matter of right and this Court declines to grant one"); United States v. Rebollo-Andino, 312 Fed. Appx. 346, 347-48 (1st Cir. Mar. 6, 2009) (district court was not required to convene hearing on defendant's motion for de novo review under Section 3145(b)). Rather, the court may confine its review to the record created at the evidentiary hearing before the magistrate where the "[magistrate's] findings have clear support in the underlying record." United States v. Foley, 2009 WL 458558, at *3 (D. Mass. Feb. 24, 2009); see United States v. Pierce, 107 F.Supp. 2d 126, 127 (D. Mass. 2000). Here, the court finds sufficient evidence on the record to support the Magistrate Judge's findings and therefore declines to convene a second evidentiary hearing.[1]

---

[1] The court notes that the Government's Response [#34] attached two exhibits, [#34-3] and [#34-4], that were not part of the detention hearing record considered by the Magistrate Judge. Because the court finds the hearing record sufficient to support the Magistrate Judge's decision

Under the Bail Reform Act of 1984, a judicial officer may order a defendant detained pending trial if the government establishes (1) by clear and convincing evidence that a defendant is a danger to the community, or (2) by a preponderance of the evidence that a defendant poses a serious risk of flight. 18 U.S.C. § 3142(f); see United States v. Patriarca, 948 F.2d 789, 792-93 (1st Cir. 1991); see also United States v. Dillon, 938 F.2d 1412, 1416 (1st Cir. 1991). The judicial officer may then detain the defendant pending trial only if the judicial officer determines that "no condition or combination of conditions [set forth under 18 U.S.C. § 3142(b) or (c)] will reasonably assure the appearance of the person as required and the safety of any other person in the community." 18 U.S.C. § 3142(e).

In making this determination the judicial officer must consider the following factors:

(1) the nature and circumstances of the offense charged, including whether the offense . . . involves . . . a minor victim;
(2) the weight of the evidence against the person;
(3) the history and characteristics of the person, including
   A. the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and,
   B. whether, at the time of the current offense, or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release . . .

Id. § 3142(g).

"Pursuant to 18 U.S.C. § 3142(e)(3)(E), a rebuttable presumption of detention exists in offenses involving a minor victim. To rebut that presumption, defendant must produce 'some

---

to order pretrial detention, the court has not considered the government's additional evidence here.

evidence' that a condition or combination of conditions can reasonably assure the appearance of a person and safety of the community." United States v. Cross, 389 F. Supp. 3d 140, 142 (D. Mass. 2019) (quoting Dillon, 938 F.2d at 1416). The government retains the burden of proving that no conditions will reasonably assure the defendant's appearance. United States v. O'Brien, 895 F.2d 810, 815 (1st Cir. 1990). "The presumption merely creates a burden of *production* on the defendant; [] it does not shift the burden of persuasion which remains throughout the hearing on the government." United States v. Shea, 749 F. Supp. 1162, 1165 (D. Mass. 1990) (once the presumption attaches, a burden to produce "some [relevant] evidence" shifts to a defendant) (citing United States v. Jessup, 757 F.2d 378, 384 (1st Cir. 1985); O'Brien, 895 F.2d at 815).

A defendant's introduction of relevant evidence that a defendant does not pose a flight risk or a danger to the community does not eliminate the presumption entirely. See Dillon, 938 F.2d at 1416. The presumption remains a factor for the court to consider alongside the government's ultimate burden of persuasion. Jessup, 757 F.2d at 381, 383.

### III.   ANALYSIS

Defendant argues that the Magistrate Judge erred in ordering him detained because there exist conditions of release that would ensure the safety of the community and guard against risk of flight. Mot. for Review 1 [#30]; see Def. Ex. B, at 46:10–20 [#30-1]. Defendant argues that his compliance with the pretrial conditions imposed in the New Hampshire case rebuts the presumption in favor of detention and demonstrates that the government failed to meet its burden of showing no conditions, or combination of conditions, exist that would protect the community and assure his appearance in court. Mot for Review 4–5 [#30]; see Cross, 389 F. Supp. at 140. The government opposes, arguing Defendant failed to overcome the presumption of detention and in any case that the Magistrate Judge properly found by clear and convincing evidence that

the defendant poses a risk of danger to the community and by a fair preponderance of the evidence that the defendant constitutes a serious risk of flight, neither of which can be sufficiently mitigated by conditions or a combination of conditions of release. Gov. Resp. [#34]. The court agrees.

### A.   Presumption of Detention

The evidence of Defendant's compliance with the conditions of pretrial release in the New Hampshire case offers "'some evidence' that conditions exist that can reasonably assure the appearance of a person and safety of the community." Cross, 389 F. Supp. 3d at 142 (quoting Dillon, 938 F.2d at 1416). Defendant thus has met his burden of production.

### B.   Danger to the Community

Defendant argues the Magistrate Judge erred in finding by clear and convincing evidence that he presents a danger to the community. Defendant contends that because he did not have direct contact with MINOR A, he poses little risk to the general community. Moreover, he argues that the First Circuit has not addressed the question of whether a production charge can be sustained when a defendant communicated solely with an adult intermediary and that defendants charged under this statute almost always have direct contact with the minor victim. Mot. for Review 5–7 [#30]. The government argues that the nature and circumstances of the charged offense and the weight of the evidence against Defendant establish by clear and convincing evidence that Defendant poses a danger to the community. Gov. Resp.14–19 [#34]. The government asserts that, despite Defendant having no direct contact with the victim, Defendant should be treated as a hands-on offender based on the evidence showing him directing the specific abuse of MINOR A. Id.

Where, as here, there is clear evidence of Defendant ordering, in explicit detail, the production of certain videos of MINOR A, Gov. Ex. 2 [#34-2], there is sufficient evidence to treat Defendant as a hands-on offender who poses a danger to the community. Moreover, in light of the evidence that Defendant ordered and orchestrated these sexual abuses by phone, the court agrees that "[t]here is simply no way to adequately guard against the Defendant's continued abuse of children where access to a cellular phone is all that the Defendant needs to continue to commit these crimes." Gov. Resp. 15 [#34].

Accordingly, the court concludes that the government has established by clear and convincing evidence that Defendant's release poses a danger and that "no condition or combination of conditions . . . will reasonably assure the . . . safety of any other person in the community." 18 U.S.C. § 3142(e)(1).

C.   Risk of Flight

Defendant also argues that the government did not meet its burden of establishing by a fair preponderance of the evidence that he constitutes a serious risk of flight. Mot. for Review 8–9 [#30]. He notes that he complied with his conditions of release in connection with the New Hampshire charges, where he faced "similar evidence, penalties, and conditions of release," and contends that "[t]here is no reason to believe" he would change his behavior if he were released on comparable terms. Id. at 8. The government responds that Defendant has greater incentive to flee from the federal charges because the penalties in federal court are more severe. Gov. Resp. 20 [#34]. Moreover, the government asserts that the immigration consequences of a conviction, which would almost certainly result in Defendant's deportation, further support a finding that Defendant presents a flight risk.

9

The court finds Defendant's compliance with his conditions of release in the New Hampshire matter weighs in his favor but is outweighed by the risk of flight where Defendant, a citizen of another country, has been charged with additional counts related to production and distribution, the charges are supported by additional evidence not known to government authorities in the New Hampshire matter, and Defendant now faces a fifteen-year minimum mandatory sentence.

### IV.    CONCLUSION

For the foregoing reasons, the court DENIES Defendant's Motion for Review [#30]. Defendant shall remain detained pending trial.

IT IS SO ORDERED.

January 27, 2022                                                        /s/ Indira Talwani
                                                                        United States District Judge